OPINION OF THE COURT
Jones, J.
Where a defendant represented by counsel has expressly waived the reading of his rights required by CPL 170.10 (subd 4, par [d]), including the reading of his right under CPL 170.65 (subds 1, 3) to be prosecuted upon an information, and thereafter proceeds through preparation for trial and trial on a misdemeanor complaint without raising objection thereto, he may be deemed to have waived prosecution by information and consented to prosecution on the misdemeanor complaint.
Defendant was arrested on August 4, 1981 and charged with criminal sale of marihuana in the fourth degree in a misdemeanor complaint sworn to that day by the arresting officer who had been informed by an undercover officer that defendant had sold marihuana to him. Defendant was thereafter issued a desk appearance ticket directing him to appear on August 26, 1981 and was released on his own recognizance. At his arraignment on August 26 where he appeared with his attorney, the attorney was asked if he would “waive the public reading of the defendant’s rights and charges”, to which the attorney replied, “So waived.” The case was subsequently adjourned several times at least on one occasion at defendant’s request, discovery motions were made, a suppression hearing was conducted, and ultimately a jury trial was held at which defendant was convicted. At no time did defendant or his attorney indicate any hesitancy that prosecution proceed on the misdemeanor complaint or any desire that the accusatory instrument be converted to an information.
Defendant nevertheless now contends that his conviction should be vacated because the misdemeanor complaint was *14 never replaced by an information, as required by CPL 170.65 (subds 1, 3) in the absence of waiver of prosecution by information and consent to prosecution upon a misdemeanor complaint, and he argues that he never gave such waiver or consent. On arraignment the court is required to inform a defendant “[w]here the accusatory instrument is a misdemeanor complaint, that the defendant may not be prosecuted thereon or required to enter a plea thereto unless he consents to the same, and that in the absence of such consent such misdemeanor complaint will for prosecution purposes have to be replaced and superseded by an information” (CPL 170.10, subd 4, par [d]). On his arraignment in the present case, by his attorney’s waiving the “reading of the defendant’s rights and charges” defendant waived the mandated reading of this right.* The waiver of the reading of the right followed by defendant’s subsequent actions in moving for discovery and for suppression of the physical evidence and of his postarrest oral statement and thereafter proceeding to trial on the misdemeanor complaint must be deemed in the circumstances of this case to have constituted a waiver of prosecution by information and a consent to prosecution on the misdemeanor complaint.
Contrary to defendant’s argument, there is nothing in the statute which mandates that the required waiver and consent be manifested in writing or by express oral statement. The requisite waiver and consent may be implied if the circumstances, as here, compel the conclusion that the defendant, competently represented by counsel, acquiesced in the prosecution of the charge against him on the misdemeanor complaint.
Our decision in People v Weinberg (34 NY2d 429) does not require a different result. We there held that any waiver and consent to prosecution on a misdemeanor complaint must be knowingly and intelligently given, that by implication the statute requires as a basis therefor that the defendant be informed of his right to insist on prosecution by information, and that in the absence of such an admonition such waiver and consent cannot be presumed. In that *15 case, however, there had been no waiver, express or implied, of the statutory admonition. In the present case by waiving the reading of his rights defendant gave up his entitlement to the formality of such a prerequisite admonition. Counseled by his attorney, by his own conduct he foreclosed the giving of the very admonition on which he would now insist. The initial waiver of a reading of defendant’s rights determines the frame of reference in this case, and defendant’s subsequent participation, without voicing objection, in pretrial proceedings and thereafter throughout the trial must be interpreted in the perspective of that initial waiver and establishes the fact of the waiver and consent contemplated by CPL 170.65 (subd 3).
It is appropriate to place the substance of our holding today in its contextual setting. At his arraignment, defendant appeared with counsel and waived the reading of the procedural rights to which he was entitled by statute. He then proceeded to and through his trial with the advice of counsel. The evidence introduced against him, the rights accorded him on trial, and the procedures there followed would have been not one whit different had the trial been based on an information rather than a misdemeanor complaint. Defendant advances no claim that he was not accorded full notice of the charge made against him or that he was denied a full and fair opportunity to defend himself. He makes no claim that he is innocent of the charge of which he was convicted. Rather, he reaches out to assert a claim which can now only be described as immaterial — that at the outset of the criminal action the accusatory instrument was based on a hearsay accusation rather than supported by a nonhearsay affidavit (i.e., that it was made by the arresting officer who, although he had been promptly informed by radio of the sale by the undercover officer to whom the marihuana had been sold, had not himself witnessed the sale), a circumstance which thereafter in this instance was of no practical significance whatsoever. Now to sustain the defendant’s assertion on the record before us that he never waived his statutory right to be prosecuted on an information and did not consent to be prosecuted on the misdemeanor complaint would be to recognize the right of a defendant, after having put the *16 People to their proof in the course of a jury trial to which no challenge is raised, to vitiate his conviction because of the neglect of the prosecutor to observe a procedural right to which defendant was unquestionably entitled, but of which neglect defendant’s counsel must be presumed to have been fully aware and to have chosen for reasons best known to him not to bring to the attention of the trial court at a time when the oversight could readily and promptly have been remedied. Such a tactic is not to be rewarded or such a result to be tolerated.
For the reasons stated, the order of the Appellate Term should be affirmed.

 This waiver of the mandated reading of the right did not, of course, by itself constitute a waiver of the procedural right to be tried on information.