OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered September 17, 1997 reversed, on the law, and the information is dismissed.
*920 Absent any indication that defendant consented to a trial before a Judicial Hearing Officer, the conviction obtained below lacked an “ ‘essential jurisdictional predicate’ ” (Batista v Del-baum, Inc., 234 AD2d 45, 46) and must be vacated (see, CPL 350.20; People v Theodore, NYLJ, July 19, 1991, at 27, col 5 [App Term, 2d Dept]). The assignment of a criminal case to a Judicial Hearing Officer for trial in the absence of the requisite statutory consent affects “ ‘the organization of the court or the mode of proceedings prescribed by law’ ” (People v Ahmed, 66 NY2d 307, 310), and thus defendant’s failure to raise the issue at the trial level does not preclude us from considering it on appeal. (Supra.) In any event, even were normal preservation requirements applicable, we would find this an appropriate case for the exercise of this court’s discretion to take corrective action in the interest of justice (CPL 470.15 [3] [c]).
Since it does not appear that further proceedings on the single Administrative Code of the City of New York charge here involved would serve any useful penological purposes (see, People v Burwell, 53 NY2d 849; cf., People v Allen, 39 NY2d 916), we dismiss the accusatory instrument, a disposition unopposed by the People.
Parness, P. J., Freedman and Davis, JJ., concur.