OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered August 25, 1998 affirmed.
Evidence at trial was that defendant entered a New York City subway station without paying the required fare by “stepping] over” a turnstile. Viewed in the light most favorable to the People (People v Contes, 60 NY2d 620), the evidence was *424 legally sufficient to support defendant’s conviction of third degree criminal trespass (Penal Law § 140.10 [a]; see, People v Zaret, NYLJ, Nov. 28, 1997, at 28, col 4 [App Term, 1st Dept], lv denied 91 NY2d 899). We decline the defendant’s invitation to reconsider our decision in People v Zaret (supra), and note that this appeal marks the second time that this defendant has asked us to reexamine Zaret (see, People v Marshall, NYLJ, Sept. 30, 1998, at 25, col 1 [App Term, 1st Dept], lv denied 92 NY2d 1051). We reaffirm our view that a lawful order precluding entry is not a necessary element of the People’s case in a criminal trespass prosecution involving entry into a City subway station “equipped with self-locking turnstiles and gates designed to prevent unauthorized entry” (People v Zaret, supra, at 25, col 1).
Upon our independent review of the facts, we are satisfied that the guilty verdict was not against the weight of the evidence (People v Bleakley, 69 NY2d 490).
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.