OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered February 1, 2005, affirmed. Defendant waived any nonjurisdictional hearsay defect in the underlying accusatory instruments by stipulating prior to trial that the People had filed and served the arresting police officer’s supporting deposition and were prosecuting her on a “superceding information” (see People v Connor, 63 NY2d 11 [1984]; see also People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354, 360 [2000]). In view of defense counsel’s record acknowledgment of the efficacy of the conversion process, and defendant’s failure “to bring [any hearsay defect] to the attention of the trial court at a time when the oversight could readily and promptly have been remedied” (People v Connor, 63 NY2d at 16), defendant may not now be heard to complain that the prosecutor’s information upon which she was ultimately tried and convicted was jurisdictionally defective because the accusatory instrument that it replaced did not constitute a valid information. “Defendant advances no claim that [she] was not accorded full notice of the charge [s] made against [her] or that [she] was denied a full and fair opportunity to defend [herself]” (People v Connor, 63 NY2d at 15). In this posture, defendant’s contention “can only be described as immaterial — that at the outset of the criminal action the accusatory instrument was based on a hearsay accusation rather than supported by a nonhearsay affidavit. . . , a circumstance which thereafter in this instance was of no practical significance whatsoever” (id.).
Defendant’s present challenges to the sufficiency of the evidence are unpreserved, as defendant failed to renew her motion for a trial order of dismissal following her testimony at trial and her initial objection was not directed to the alleged errors now advanced (see People v Hines, 97 NY2d 56, 62 [2001]). Were we to review these claims, we would find that the verdict was supported by legally sufficient evidence. The credited testimony *55 established that the police were trying to effect an “authorized arrest” (Penal Law § 205.30), and this notwithstanding that the charge for which defendant was arrested was ultimately dismissed (see People v Laltoo, 22 AD3d 230 [2005]). We further find that the verdict was not against the weight of the evidence. There is no basis for disturbing the jury’s determinations concerning credibility.
McKeon, EJ., Davis and Heitler, JJ., concur.