OPINION OF THE COURT
Memorandum.
Judgment of conviction affirmed.
On the day following his arrest for criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant appeared with counsel, waived “formal arraignment,” and, pursuant to a plea and sentencing agreement, pleaded guilty to the accusatory instrument, a misdemeanor complaint, and was sentenced, inter alla, to time served. On appeal, defendant alleges that the misdemeanor complaint was insufficient on its face, and, in any event, that he never waived his right to be prosecuted by information. We disagree and affirm.
The accusatory instrument satisfied the pleading requirements of a misdemeanor complaint (CPL 70.10 [2]; 100.10 [4]; 100.15, 100.40 [4]; Matter of Jahron S., 79 NY2d 632, 640 [1992]; People v Mizell, 72 NY2d 651, 653 [1988]; People v Wright, 8 AD3d 304, 307 [2004]). We also find that defendant waived the right to be prosecuted by information.
In People v Connor (63 NY2d 11, 14 [1984]), the Court noted
“that any waiver and consent to prosecution on a misdemeanor complaint must be knowingly and intelligently given, that by implication the statute [CPL 170.10 (4) (d)] requires as a basis therefor that the defendant be informed of his right to insist on prosecution by information, and that in the absence of such an admonition such waiver and consent cannot be presumed” (see People v Weinberg, 34 NY2d 429 [1974]).
With regard to defendant’s right to be advised that he was entitled to be prosecuted by information (see CPL 170.65 [1], [3]), we find no meaningful distinction between defendant’s waiver of a “formal arraignment,” which must include a reading of the right to be prosecuted by information, and the waiver of a “reading of the defendant’s rights and charges” found sufficient in Connor (63 NY2d at 14-15) to establish a valid waiver of the right (CPL 170.10 [4] [d]; cf. Weinberg, 34 NY2d at 431). Thus, with respect to a waiver of the required reading of the *90 rights, defendant here was in the same position as the defendant in Connor. We emphasize, as did the Court in Connor, that waiver of the required reading of the right to “insist on prosecution by information” does not waive “the procedural right to be tried on information” (Connor, 63 NY2d at 14 n).
The Court in Connor went on to infer Connor’s waiver of the right to be tried on information from his election to proceed, after waiving the required reading of the rights, “to and through his trial” without objection to the form of the accusatory instrument {id. at 15-16). We note that a plea proceeding is the functional equivalent of a trial. Hence, here, we infer defendant’s waiver of the right to be tried on information from his election to proceed, after waiving the required reading of the rights, to enter a plea of guilty without objection to the form of the accusatory instrument.
In view of the foregoing, the judgment of conviction is affirmed.
Pesce, EJ., Golia and Rios, JJ., concur.