OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, on the law, the guilty plea is vacated, the counts of the accusatory instrument that had been dismissed are reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in a single accusatory instrument with driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), driving while impaired (Vehicle and Traffic Law § 1192 [1]), uninspected motor vehicle (Vehicle and Traffic Law § 301), failure to have proof of financial security (Vehicle and Traffic Law § 319 [1]), unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), and displaying improper number plates (Vehicle and Traffic Law § 402 [4]). The factual portion of the information alleged, among other things, that a police officer had observed defendant at the scene of an accident to be in an intoxicated condition in that defendant had “red watery *49 eyes, slurred speech, [a] strong odor of alcoholic beverage” emanating from his breath, and “messed clothing,” and he was “unsteady” and “stumbling.” In addition, it was alleged that defendant admitted that he had been “drinking” and that his vehicle had been in a rear-end collision with another vehicle.
On January 7, 2013, defendant appeared with counsel before Judicial Hearing Officer (J.H.O.) Adlerberg for a Treatment Alternatives for Safer Communities evaluation. However, defendant instead entered into a negotiated plea agreement and pleaded guilty to the count of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) in satisfaction of the accusatory instrument. At the plea proceeding before J.H.O. Adlerberg, the court simply asked defendant if he waived “formal allocution” and proceeded to sentence defendant to a conditional discharge.
On appeal, defendant contends that the information is jurisdictionally defective on the ground that it fails to contain factual allegations of an evidentiary nature which establish, if true, every element of the offense charging him with common-law driving while intoxicated.
At the outset, we note that the argument concerning the accusatory instrument’s facial sufficiency is jurisdictional (see People v Alejandro, 70 NY2d 133 [1987]). Thus, defendant’s claim is not forfeited upon his plea of guilty (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]) and must be reviewed despite his failure to raise it in the Criminal Court (see Alejandro, 70 NY2d 133). However, any hearsay defect in the accusatory instrument has been forfeited by his guilty plea (People v Keizer, 100 NY2d 114 [2003]).
As is relevant to this appeal, to be facially sufficient, the information had to contain factual allegations of an evidentiary nature which establish, if true, every element of the offense of common-law driving while intoxicated and provide reasonable cause to believe that defendant committed the offense (CPL 100.15 [3]; 100.40 [1]; see People v Casey, 95 NY2d 354, 360 [2000]; Alejandro, 70 NY2d at 135-136; People v Dumas, 68 NY2d 729, 731 [1986]). “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading” (Casey, 95 NY2d at 360). At the pleading stage, “the prima facie case requirement is not the same as the burden of proof *50 beyond a reasonable doubt required at trial” (People v Henderson, 92 NY2d 677, 680 [1999]).
Applying the above standards, we find that the count charging defendant with driving while intoxicated was properly supported in the information since it set forth facts alleging defendant’s physical manifestations of intoxication, i.e., “red watery eyes, slurred speech [and a] strong odor of alcoholic beverage” emanating from his breath (see e.g. People v Lopez, 170 Misc 2d 278 [Crim Ct, Kings County 1996]), and that he had admitted to “drinking” (see e.g. People v Bowers, 201 AD2d 830 [1994]) and to having been involved in a rear-end automobile accident. As these allegations support the conclusion that defendant was incapable of operating a motor vehicle in a reasonable and prudent manner by reason of intoxication (see People v Cruz, 48 NY2d 419, 428 [1979]), the information was jurisdictionally sufficient to allege a violation of Vehicle and Traffic Law § 1192 (3).
Next, defendant contends, in effect, that the Judicial Hearing Officer was not authorized to accept the guilty plea. Although the issue was not raised by defendant in the Criminal Court, the assignment of a criminal case to a J.H.O. “affects the organization of the court or the mode of proceedings prescribed by law” (People v Holt, 182 Misc 2d 919, 920 [App Term, 1st Dept 1999] [internal quotation marks and citations omitted]), and defendant’s failure to raise the issue in the Criminal Court does not preclude him from raising the issue on appeal (id.). Since the information charges defendant with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a class A misdemeanor (see Vehicle and Traffic Law § 1193 [1] [b] [i]; Penal Law § 55.10 [2] [b]), the case could not be assigned to a J.H.O. for purposes of the entry of a guilty plea, which is the functional equivalent of a trial (see CPL 350.20 [4]; Vehicle and Traffic Law § 1807 [1]; People v Jones, 44 NY2d 76 [1978]; People v Riser, 22 Misc 3d 88, 90 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Accordingly, the judgment convicting defendant of driving while intoxicated is reversed, the guilty plea is vacated, the counts of the accusatory instrument that had been dismissed are reinstated, and the matter is remitted to the Criminal Court for all further proceedings.
In view of the foregoing, we do not reach defendant’s other contention regarding the propriety of the plea allocution.
Weston, J.P., Aliotta and Elliot, JJ., concur.