The People of the State of New York, Respondent,
against
Mykola Semchuk, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Geraldine Pickett, J.), rendered August 15, 2013. The judgment convicted defendant, after a nonjury trial, of trespass.




ORDERED that the judgment of conviction is affirmed.
Viewing the evidence adduced at the nonjury trial in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to support defendant's conviction of trespass (Penal Law § 140.05), since the trial testimony demonstrated, beyond a reasonable doubt, that defendant had entered the New York City subway system unlawfully without paying the required fare (see People v Mattocks, 12 NY3d 326, 334 n 2 [2009]; People v Thiam, 16 Misc 3d 136[A], 2007 NY Slip Op 51665[U] [App Term, 1st Dept 2007]; People v Marshall, 187 Misc 2d 423 [App Term, 1st Dept 2000]). Furthermore, upon an independent review of the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Although the radio run requested by defendant qualified as being Rosario material (People v Rosario, 9 NY2d 286 [1961]), under the circumstances of this case and given the fact that defendant was unable to demonstrate that any prejudice had resulted, the Criminal Court did not improvidently exercise its discretion in failing to give an adverse inference charge (see People v Martinez, 71 NY2d 937, 940 [1988]; People v Gibbs, 211 AD2d 641 [1995]; People v Grice, 203 AD2d 587 [1994]), as the "nonwillful, negligent loss or destruction of Rosario material does not mandate a sanction unless the defendant establishes prejudice" (People v Martinez, 22 NY3d 551, 567 [2014]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 13, 2016