OPINION OF THE COURT
Memorandum.
Ordered that so much of the appeal as is from the judgment convicting defendant of leaving the scene of an incident with personal injuries without reporting is dismissed as abandoned; and it is further ordered that the judgment convicting defendant of common-law driving while intoxicated is affirmed.
On this appeal, defendant claims that the accusatory instrument, which originally charged defendant with driving while intoxicated as a felony, was not properly reduced to a misdemeanor pursuant to CPL 180.50 (3) (a) (iii) and that the original felony complaint did not set forth factual allegations as to the basis for the arresting officer’s determination that defendant had been intoxicated.
Defendant was originally charged in a felony complaint with felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c]) and with several other offenses. The felony complaint alleged that a New York State trooper charged defendant with having committed the felony of driving while intoxicated, in that on “or about 9/28/2013 at about 6:00 p.m. in the Town of Cortlandt, County of Westchester,” defendant
“knowingly and unlawfully commit [ted] the felony of driving while intoxicated. A person is guilty of . . . felony driving while intoxicated when he commits the crime of driving while intoxicated in violation of Section 1192 subdivision 2, 2A, 3, 4 or 4A of the Vehicle and Traffic Law, and has previously been convicted of a violation of subdivision 2, 2A, 3, 4 or 4A of such section within the preceding ten years ... to wit . . . that on” January 3, 2005, in the Justice Court of the Town of Yorktown, defendant had been convicted of violating Vehicle and Traffic Law § 1192 (3).
*87 On September 28, 2013, defendant “knowingly and unlawfully operate[d]” a 1991 Honda Accord on State Routes 6 and 202, in the Town of Cortlandt, Westchester County, “in an intoxicated condition.”
The felony complaint also included the following paragraph:
“That the sources of the deponent’s information and grounds of his belief as to the operation of defendant’s vehicle at the aforesaid time and place are based upon direct knowledge and upon statements and admissions made by said defendant to deponent that he/she was operating the aforesaid vehicle at said time and place. The sources of deponent’s information in regard to defendant’s intoxication are based upon direct knowledge, those being the observations of defendant by deponent at said time and place and the performance of field sobriety tests. These actions were such that would lead deponent to believe that the defendant was intoxicated at the aforesaid time and place.”
The trooper also prepared a supporting deposition, in which he checked boxes indicating that defendant had exhibited the odor of an alcoholic beverage, glassy eyes, impaired speech, and impaired motor coordination. Boxes were also checked indicating that defendant had failed the horizontal gaze nystagmus, walk-and-turn, and one-leg field sobriety tests. A box was also checked signifying that defendant had admitted that he had been drinking and that he had consumed “a few” alcoholic beverages.
At a court proceeding on October 11, 2013, the People informed the court that defendant had not been convicted in 2005 of driving while intoxicated, and that the charge had, in fact, been dismissed. Thus, the People requested that the felony charge of driving while intoxicated be reduced to a misdemeanor charge of common-law driving while intoxicated. The court agreed, stating that it would mark the accusatory instrument as a misdemeanor complaint. The court made the following notations on the felony complaint: The word “FELONY” in the caption of the instrument was crossed out, replaced by “MISD.” The court placed its initials below and to the right of “MISD” with the date “10/11/13.” However, only the following words in the felony complaint were crossed out: “and has previously been convicted of a violation of subdivision 2, 2A, 3, 4 or 4A of such section within the preceding ten years.” All other references in the instrument to felony driving while intoxicated were not crossed out.
*88 On January 12, 2015, defendant pleaded guilty to misdemeanor common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). He also pleaded guilty to leaving the scene of an incident with personal injuries without reporting (Vehicle and Traffic Law § 600 [2] [a]), which charge was set forth in a separate accusatory instrument.
The issues raised by defendant on appeal relate only to the judgment convicting him of misdemeanor common-law driving while intoxicated. Consequently, so much of the appeal as is from the judgment convicting him of leaving the scene of an incident with personal injuries without reporting is dismissed as abandoned (see People v Rodriguez, 14 AD3d 719, 720 [2005]).
CPL 180.50 (3) (a) (iii) provides one of several ways to reduce an accusatory instrument charging a felony to a misdemeanor. In pertinent part, the statute provides that a “charge is ‘reduced’ from a felony to a non-felony offense” if “the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support” a non-felony offense, and the felony complaint or a copy thereof can be converted into an information “by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged” (id.).
Defendant argues that merely crossing out the word “FELONY” in the caption of the accusatory instrument, replacing it with “MISD,” and crossing out only some of the language in the felony complaint referring to felony driving while intoxicated was insufficient to satisfy the requirements of CPL 180.50 (3) (a) (iii). Consequently, defendant asserts that no reduction was accomplished, citing People v Dion (93 NY2d 893, 894 [1999]). Defendant’s contention lacks merit.
CPL 180.50 (3) (a) (iii) requires that the court make notations “in the title of the instrument and in the names of the offense or offenses charged.” It does not require that all of the language referring to the felony charge be deleted. In any event, some of the felony language was deleted, and the word “FELONY” in the caption of the accusatory instrument was clearly crossed out and replaced by “MISD.” Thus, the notations on the accusatory instrument were sufficient to convert the instrument from a felony complaint to a misdemeanor information (see People v Williams, 25 Misc 3d 15, 16-17 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Harding, *89 50 Misc 3d 1209[A], 2016 NY Slip Op 50060[U] [Crina Ct, Kings County 2016]; cf. People v Jones, 151 Misc 2d 582 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]; People v Lehrer, 144 Misc 2d 701 [Crina Ct, NY County 1989]). The fact that not all of the language regarding felony driving while intoxicated in the accusatory instrument in this case was crossed out does not render the notations on the accusatory instrument too cryptic or ambiguous to be given effect.
The requirement that an information charging common-law driving while intoxicated be facially sufficient is jurisdictional, is not waived by a plea of guilty, and must be reviewed even though the issue was not raised in the lower court (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Konieczny, 2 NY3d 569, 573 [2004]; People v Keizer, 100 NY2d 114 [2003]; People v Alejandro, 70 NY2d 133 [1987]; People v Garcia, 49 Misc 3d 47, 49 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). To be facially sufficient, the information, together with any supporting depositions that accompany it, must contain nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offense of common-law driving while intoxicated and provide reasonable cause to believe that the defendant committed the offense (see CPL 100.15 [3]; 100.40 [1]; People v Casey, 95 NY2d 354, 360 [2000]; People v Alejandro, 70 NY2d at 135-136; People v Dumas, 68 NY2d 729, 731 [1986]). As defendant pleaded guilty, any claim regarding the nonhearsay requirement was forfeited (see People v Keizer, 100 NY2d at 121). Here, the information and the supporting deposition contain allegations that were sufficient to establish the basis for the officer’s determination that defendant had been intoxicated (see People v Hohmeyer, 70 NY2d 41, 43-44 [1987]; People v Fiumara, 116 AD3d 421 [2014]; People v Granda-Vintmill, 41 Misc 3d 135[A], 2013 NY Slip Op 51879[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the judgment convicting defendant of common-law driving while intoxicated is affirmed.
Maraño, P.J., Garguilo and Brands, JJ., concur.