The People of the State of New York, Respondent,
against
Ahmed Abdrabelnaby, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Sheryl L. Parker, J.H.O.), rendered December 11, 2015, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Sheryl L. Parker, J.H.O.), rendered December 11, 2015, affirmed.
CPL 350.20 permits class B and unclassified misdemeanors to be tried and determined by a Judicial Hearing Officer [JHO] "upon agreement of the parties." In such capacity, JHOs act as a court (see CPL 350.20[l]-[3]), and are empowered to "(a) determine all questions of law; (b) act as the exclusive trier of all issues of fact; and (c) render a verdict" (see CPL 350.20[1][a]-[c]). The purpose of this statute is "to utilize the services of highly-qualified retired judges, or JHOs, to alleviate the backlog and delay that had begun to seriously cripple our State's court system and had undermined public confidence in the fairness of justice in our state" (People v Davis, 13 NY3d 17, 22 [2009] [internal brackets and quotations omitted]; see People v Scalza, 76 NY2d 604, 608 [1990]).
By misdemeanor complaint dated December 7, 2014, defendant was charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law [VTL] § 511[2][a][iv]), aggravated unlicensed operation of a motor vehicle in the third degree (VTL § 511[1][a]), both unclassified misdemeanors, and unlicensed driving (VTL § 509[1]), a traffic infraction. On December 11, 2015, defendant, his attorney and the prosecutor signed the standardized "Judicial Hearing Officer Consent Form," agreeing to have the matter "referred to a [JHO] as indicated above." However, the parties did not check the above boxes indicating "consent to trial/disposition by JHO" and "consent to re-sentencing by JHO."
On January 21, 2015, defendant and his counsel appeared before JHO Sheryl Parker, and entered into a knowing, voluntary and intelligent plea to third-degree aggravated unlicensed operation of a motor vehicle, in exchange for a $200 fine. Defense counsel participated fully in the plea proceeding without objection to the authority or jurisdiction of the JHO.
Under these particular circumstances, defendant's present contention that the JHO acted [*2]without jurisdiction in presiding over his guilty plea and sentencing is unpreserved. Nor does the claim fall into the "very narrow category" of "mode of proceedings" errors exempt from the preservation requirement (People v Kelly, 5 NY3d 116, 119 [2005]; People v Agramonte, 87 NY2d 765, 770 [1996]; see People v Mack, 27 NY3d 534, 540 [2016]; compare People v Garcia, 49 Misc 3d 47 [2015] [mode of proceeding error when case assigned to a JHO for entry of a plea to a class A misdemeanor]; People v Holt, 182 Misc 2d 919 [1999] [assignment of a criminal case to a JHO for trial in the absence of the requisite statutory consent]). We decline to review this unpreserved claim in the interest of justice.
As an alternative holding, we reject it on the merits. Defendant consented to adjudication of this matter by a JHO and the JHO had the "same powers" as a Judge (CPL 350.20[2]). Obviously a Criminal Court Judge could have accepted defendant's guilty plea and therefore the JHO was authorized to do so as well. The entry of a guilty plea is the functional equivalent of a conviction after trial (see People v Jones, 44 NY2d 76, 82-83 [1978]). Since the JHO could adjudicate defendant's guilt or innocence at trial, the JHO could accept the concession of guilt at a plea proceeding. Given that the vast majority of cases end in guilty pleas, and the legislature intended JHOs to alleviate backlog and delay, and reduce the burden on judges, it is irrational to conclude that the legislature intended that JHOs could not accept guilty pleas for the same cases they are authorized to try (cf People v Garcia, 49 Misc 3d at 50 [since JHOs have no authority to try class A misdemeanors, the case could not be assigned to a JHO for purposes of the entry of a guilty plea to a class A misdemeanor, since a plea is the functional equivalent of a trial]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 21, 2017