The People of the State of New York, Respondent,
against
Tashon Brown, Appellant. 




Feldman & Feldman (Steven A. Feldman and Arza Feldman of counsel), for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Edward J. Gaffney, J.), rendered February 22, 2018. The judgment convicted defendant, upon his plea of guilty, of assault in the third degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, defendant's plea of guilty is vacated, the felony complaint is reinstated and the matter is remitted to the City Court for all further proceedings on the felony complaint.
Defendant appeals from a judgment convicting him, upon his guilty plea, of assault in the third degree (Penal Law § 120.00). Upon finding that prior counsel's Anders brief (see Anders v California, 386 US 738 [1967]) was inadequate, this court held the appeal in abeyance and new counsel was assigned to prosecute the appeal (63 Misc 3d 149[A], 2019 NY Slip Op 50733[U]). New counsel has submitted a brief arguing, among other things, that the accusatory instrument, which originally charged defendant with strangulation in the second degree (Penal Law § 121.12), a felony, was not properly reduced, pursuant to CPL 180.50 (3) (a) (iii), to charge defendant with assault in the third degree, a misdemeanor.
CPL 180.50 (3) (a) (iii) requires that the court make notations "which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged." Contrary to the People's argument, "[a] plea of guilty does not constitute a waiver of the requirement that a felony complaint be converted in accordance with the provisions of CPL 180.50 (3) (a) (iii)" (People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Furthermore, while there is some discretion in determining whether the necessary and appropriate notations have been made (see People v Chernek,56 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], lv denied 30 NY3d [*2]948 [2017]), the statute requires that "necessary and appropriate" notations be made to both the title of the instrument and the name of the offense charged. Here, no change was made to the title of the instrument. Thus, the reduction of the charge "is invalid and of no legal effect and the felony complaint remains pending" (People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]).
Accordingly, the judgment of conviction is reversed, defendant's plea of guilty is vacated, the felony complaint is reinstated and the matter is remitted to the City Court for all further proceedings on the felony complaint.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020