People v Dublin (2021 NY Slip Op 50358(U))

[*1]

People v Dublin (Standish)

2021 NY Slip Op 50358(U) [71 Misc 3d 133(A)]

Decided on April 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-1821 K CR

The People of the State of New York,
Respondent,
against
Standish Dublin, Appellant. 

Appellate Advocates (David Fitzmaurice of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Gamaliel Marrero and Arieh Schulman of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Michael Gary, J.), rendered September 8, 2017. The judgment, after a nonjury trial, convicted
defendant of criminal trespass in the third degree and trespass, and imposed sentence.

ORDERED that the judgment of conviction is modified, on the law and as a matter of
discretion in the interest of justice, by vacating so much of the judgment as convicted defendant
of trespass, vacating the sentence imposed thereon, and dismissing the count of the accusatory
instrument charging that offense; as so modified, the judgment of conviction is affirmed.
Defendant was charged in a superseding information with criminal trespass in the third
degree (Penal Law § 140.10 [a]), trespass (Penal Law § 140.05), and theft of services
(Penal Law § 165.15 [3]), all arising out of the same incident. Thereafter, defendant moved
to dismiss the count of the superseding information charging him with criminal trespass in the
third degree as facially insufficient. The People opposed the motion, and, in an order dated
August 14, 2017, the Criminal Court denied the motion, citing to People v Phillips (53 Misc 3d
151[A], 2016 NY Slip Op 51693[U] [App Term, 1st Dept 2016], lv denied 28 NY3d
1149 [2017]), People v Thiam (16
Misc 3d 136[A], 2007 NY Slip Op 51665[U] [App Term, 1st Dept 2007], lv denied
9 NY3d 993 [2007]), and People v Marshall (187 Misc 2d 423 [App Term, 1st Dept
2000]), and finding that the factual allegations that defendant had entered the subway system
without paying the lawful fare by jumping over a turnstile were sufficient to have charged him
with criminal trespass in the third degree.
Immediately prior to trial, the People dismissed the theft of services charge and filed a
prosecutor's information charging defendant with criminal trespass in the third degree and
trespass. After the People rested their case, defense counsel twice moved for trial orders of [*2]dismissal, which motions were denied by the Criminal Court.
Following the nonjury trial, the court found defendant guilty as charged, noting that the "only"
issue was the credibility of the officer. The court sentenced defendant to 90 days of imprisonment
on the conviction for criminal trespass in the third degree and 15 days of imprisonment on the
conviction for trespass, to be served concurrently.
On appeal, defendant contends that the count contained in the prosecutor's information
charging him with criminal trespass in the third degree was facially insufficient because the
superseding information, the facts of which were used to support that charge, did not allege that
he had entered an area that was "fenced or otherwise enclosed in a manner designed to exclude
intruders," as required pursuant to Penal Law § 140.10 (a), and, that, in any event, the
evidence was legally insufficient to prove his guilt beyond a reasonable doubt, and the verdict
was against the weight of the evidence.
"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a
criminal prosecution" (People v Case, 42 NY2d 98, 99 [1977]; see People v Dumay, 23 NY3d
518, 522 [2014]; People v
Dreyden, 15 NY3d 100, 103 [2010]), and a prosecutor's information, filed pursuant to
CPL 100.50 (2), is defective when "the factual allegations of the original information underlying
it and any supporting depositions are not legally sufficient to support the charge in the
prosecutor's information" (CPL 170.35 [3] [b]), or when it otherwise fails to conform to the
requirements of CPL 100.35 (see CPL 100.40 [3]; People v Hassan, 63 Misc 3d 158[A], 2019 NY Slip Op 50838[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Moreover, since defendant did not
waive the right to be prosecuted by information, the relevant counts of that accusatory instrument
must be evaluated under the standards that govern an information (see People v Hatton, 26 NY3d
364, 368 [2015]; People v
Kalin, 12 NY3d 225, 228 [2009]; Hassan, 63 Misc 3d 158[A], 2019 NY Slip Op
50838[U]; see also CPL 100.15, 100.40 [1]). To be facially sufficient, the factual
allegations of an information, together with those of any supporting depositions, must "provide
reasonable cause to believe that the defendant committed the offense charged" (CPL 100.40 [1]
[b]; see People v Ocasio, 28 NY3d
178, 180 [2016]). While the law does not require that the information contain the most
precise words or phrases most clearly expressing the charges, the offense and factual bases
therefor must be sufficiently alleged (see
People v Konieczny, 2 NY3d 569, 575 [2004]).
The Court of Appeals has recognized that charging discretion is available to the People for
"turnstile jumping," which can be prosecuted under various statutes, including trespass (Penal
Law § 140.05), criminal trespass in the third degree (Penal Law § 140.10), and theft of
services (Penal Law § 165.15 [3]) (see People v Mattocks, 12 NY3d 326, 334 n 2 [2009]).
Consequently, the allegation that defendant entered a subway station beyond the turnstiles
without having permission or authority to do so without paying the legal fare, as alleged here, is
facially sufficient to support the charge of criminal trespass in the third degree (see People v Davion T., 61 Misc 3d
144[A], 2018 NY Slip Op 51672[U] [App Term, 1st Dept 2018], lv denied 32 NY3d
1170 [2019]; People v Robles, 61
Misc 3d 144[A], 2018 NY Slip Op 51671[U] [App Term, 1st Dept 2018], lv denied
32 NY3d 1209 [2019]; Phillips, 53 Misc 3d 151[A], 2016 NY Slip Op
51693[U]).
Defendant's challenge to the legal sufficiency of the evidence with respect to the charge of
criminal trespass in the third degree lacks merit, as does his claim that the verdict with respect
[*3]thereto was against the weight of the evidence.
However, trespass is a lesser included offense of the charge of criminal trespass in the
third degree (see CPL 1.20 [37]; Penal Law §§ 140.00, 140.05,
140.10; see generally People v Glover, 57 NY2d 61, 63 [1982]; People v Hoag,
51 NY2d 632, 634 [1981]). "A verdict of guilty upon the greatest count submitted is deemed a
dismissal of every lesser count submitted, but not an acquittal thereon" (CPL 300.40 [3] [b]). In
view of the foregoing, notwithstanding the fact that defendant did not raise this issue in the
Criminal Court and does not raise it on appeal, as a matter of discretion in the interest of justice
the conviction of trespass and the sentence imposed thereon are vacated and the count of the
accusatory instrument charging that offense is dismissed (see CPL 470.15 [3] [c];
People v Lee, 39 NY2d 388, 390 [1976]; People v Grier, 37 NY2d 847, 848
[1975]; People v Carrasco, 65 Misc
3d 5, 10 [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v Payne, 54 Misc 3d
138[A], 2017 NY Slip Op 50140[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]).
Accordingly, the judgment of conviction is modified by vacating so much of the judgment as
convicted defendant of trespass, vacating the sentence imposed thereon, and dismissing the count
of the accusatory instrument charging that offense.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 23, 2021