People v Sterling (2021 NY Slip Op 51024(U))

[*1]

People v Sterling (Keon)

2021 NY Slip Op 51024(U) [73 Misc 3d 134(A)]

Decided on October 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1031 D CR

The People of the State of New York,
Respondent,
against
Keon Sterling, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Dutchess County District Attorney (Anna K. Diehn of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Amenia, Dutchess County
(Norman R. Moore, J.), rendered May 20, 2019. The judgment convicted defendant, upon his
plea of guilty, of petit larceny, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
By separate felony complaints, defendant was charged with criminal possession of a forged
instrument in the second degree (Penal Law § 170.25), a class D felony, and grand larceny
in the fourth degree (Penal Law § 155.30 [1]), a class E felony, respectively. Defendant
pleaded guilty to petit larceny (Penal Law § 155.25) in satisfaction of the accusatory
instruments. Pursuant to the plea agreement, he was to be sentenced to three years' probation.
However, the Justice Court advised defendant that it would not be bound by the sentencing
commitment if he were to be rearrested, fail to cooperate with the Probation Department or fail to
appear for sentencing. Defendant indicated that he understood, and he executed a written
Parker admonishment in open court to that effect (see People v Parker, 57 NY2d
136, 141 [1982]).
When defendant failed to report to the Department of Probation and appear for sentencing, a
bench warrant was issued for his arrest. In addition, defendant was subsequently arrested on a
different matter and pleaded guilty therein to petit larceny. At sentencing on the instant matter,
the Justice Court found that defendant had violated the terms of his plea [*2]agreement and sentenced him to nine months in jail. On appeal,
defendant contends that the felony complaints were not properly converted into misdemeanor
informations, that his right to counsel was adversely affected, and that the court erred in
imposing an enhanced sentence.
The felony charge of criminal possession of a forged instrument in the second degree was
properly reduced to criminal possession of a forged instrument in the third degree (Penal Law
§ 170.20), a misdemeanor, and, contrary to defendant's contention, that felony complaint
was properly converted to an information by notations appearing thereon (see CPL
180.50 [3] [a] [iii]; People v
Cherneck, 56 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]).
Likewise, the felony charge of grand larceny in the fourth degree was properly reduced to petit
larceny (Penal Law § 155.25), a misdemeanor, and that felony complaint also was properly
converted to an information by notations appearing thereon (see CPL 180.50 [3] [a] [iii];
People v Cherneck, 56 Misc 3d 85). Although the language referring to the felony charge
in each of the accusatory instruments and the word "felony" in the captions of those accusatory
instruments were not crossed out, there were handwritten notations on each accusatory
instrument, dated and signed by the court, indicating that the felonies were being reduced to
misdemeanors and specifically stating the names of the misdemeanors charged and citing the
appropriate sections of the Penal Law. Consequently, the facts herein are more similar to the
facts in People v Chernek (56 Misc 3d 85), where this court held the reduction to be
proper, than in People v Brown (66
Misc 3d 140[A], 2020 NY Slip Op 50143[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2020]), where the purported reductions were found to be invalid.
Contrary to defendant's contention, his attorney did not take a position adverse to defendant's
and, thus, defendant's right to counsel was not adversely affected (see generally People v Mitchell, 21
NY3d 964 [2013]; cf. People v Howell, 146 AD3d 981 [2017]; People v
Ferguson,140 AD3d 976 [2016]). 
Finally, the Justice Court was justified in imposing an enhanced sentence (see People v Tribble, 156 AD3d
1239 [2017]; People v Smith,
123 AD3d 1375 [2014]). The record belies defendant's claim that his failure to cooperate
with the Probation Department was due to circumstances beyond his control. The fact that
defendant was in the custody of the Westchester County Jail between October 2017 and June
2018 did not prevent him from cooperating with the Probation Department between the plea
proceeding on June 18, 2018 and sentencing on May 20, 2019. Additionally, defendant failed to
appear on his original sentencing date, causing a bench warrant to be issued, and was
subsequently arrested on a different matter.
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 21, 2021