People v Selena S. (2021 NY Slip Op 51169(U))

[*1]

People v Selena S.

2021 NY Slip Op 51169(U) [73 Misc 3d 139(A)]

Decided on December 2, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2018-944 W CR

The People of the State of New York,
Respondent,
against
Selena S. (Anonymous), Appellant. 

Scott M. Bishop, for appellant.
Westchester County District Attorney (Brian R. Pouliot and William C. Milaccio of counsel), for
respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Brian
Hansbury, J., at plea; Eric P. Press, J., at sentencing), rendered February 21, 2018. The judgment
adjudicated defendant a youthful offender, upon her plea of guilty to assault in the third degree,
and imposed sentence.

ORDERED that the judgment adjudicating defendant a youthful offender is affirmed.
Defendant was charged in a felony complaint with assault in the second degree (Penal Law
§ 120.05 [2]). Finding that there was a legal and factual basis for a reduction of the felony
charge to the misdemeanor charge of assault in the third degree (Penal Law § 120.00 [2]),
the City Court made notations to the face of the accusatory instrument reflecting that the felony
charge was reduced and the accusatory instrument converted (see CPL 180.50 [3] [a]
[iii]). Defense counsel, on behalf of defendant, waived arraignment on the converted accusatory
instrument (see People v Connor, 63 NY2d 11 [1984]) and defendant pleaded guilty. The
plea was conditioned on defendant executing a misdemeanor conviction waiver of rights form
and an appeal waiver of rights form. At a subsequent proceeding, the court sentenced defendant
to a [*2]one-year conditional discharge and the payment of
restitution in the amount of $6,489.
It is well settled that a waiver of the right to appeal is not an absolute bar to the taking of a
first-tier direct appeal and that such a waiver is enforceable only so long as the totality of the
circumstances reveals that the defendant understood the nature and consequences of the appellate
rights being waived (see People v
Bisono, 36 NY3d 1013, 1017-1018 [2020]; People v Thomas, 34 NY3d 545, 558-559, 565-566 [2019]). Here,
the record demonstrates that, despite the fact that defendant had executed a written appeal
waiver, the City Court failed to fulfill its responsibility to ensure defendant's full appreciation of
the consequence and understanding of the terms and conditions of the plea and of the appeal
waiver (see Thomas, 34 NY3d at 560), particularly since defendant was a minor and a
novice to the criminal justice system. Consequently, appellate review of defendant's claims are
not precluded by that waiver.
For the first time on appeal, defendant claims that she did not waive prosecution by
information and she challenges the facial sufficiency of the accusatory instrument contending
that it did not allege the factual basis for the complainant officer's direct knowledge of the
incident and the resulting injury. This hearsay challenge (see CPL 100.40 [1] [c]),
however, was waived by defendant's guilty plea (see People v Keizer, 100 NY2d 114,
122 [2003]; People v Casey, 95 NY2d 354, 362 [2000]). In any event, the evidentiary
facts alleged in the accusatory instrument were based upon the complainant police officer's direct
knowledge and the accusatory instrument sufficiently pleaded all of the requisite elements to
sustain a charge of assault in the third degree, i.e., that defendant had recklessly caused physical
injury to another person by intentionally striking that person in the face with an aluminum pipe,
causing him to sustain physical injuries consisting of losing a piece of his left ear, which injury
required several stitches, bruising to his neck, and multiple lacerations to his back, as well as
substantial pain (see Penal Law § 120.00 [2]). Additionally, the record demonstrates
that defendant did execute a misdemeanor conviction waiver of rights form, the contents of
which she acknowledged had been explained to her, wherein she waived the filing of an
information (see People v White, 51
Misc 3d 137[A], 2016 NY Slip Op 50574[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]; People v Ackridge, 16
Misc 3d 127[A], 2006 NY Slip Op 52596[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2006]; cf. People v Hatton, 26
NY3d 364, 368 [2015] [finding that the consequence for failing to secure a valid waiver of a
defendant's right not to proceed on a misdemeanor complaint is that the facial sufficiency of the
accusatory instrument will be assessed based on the standard applicable to an information]).
Defendant's challenge to the restitution component of the sentence is unpreserved for
appellate review due to her failure to object to the imposition of restitution, contest the amount
thereof, request a hearing at the time of sentencing or move to withdraw her plea on that ground
(see People v Vazquez, 173 AD3d
907 [2019]; People v Jerome,
110 AD3d 739 [2013]; People v
White, 61 Misc 3d 149[A], 2018 NY Slip Op 51752[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2018]; People v
Farmer, 50 Misc 3d 141[A], 2016 NY Slip Op 50199[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2016]). In any event, the record demonstrates that defendant was notified
of the maximum sentence she faced and that restitution, which was within the ambit of [*3]the promised sentence, had always been a part of the plea
agreement.
Accordingly, the judgment adjudicating defendant a youthful offender is affirmed.
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2021