People v McNeil (2021 NY Slip Op 51250(U))

[*1]

People v McNeil (Matthew)

2021 NY Slip Op 51250(U) [73 Misc 3d 145(A)]

Decided on December 22, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2018-1932 K CR

The People of the State of New York,
Respondent,
against
Matthew McNeil, Appellant. 

Alan Ross, for appellant.
Kings County District Attorney (Leonard Joblove and DmitriyPovazhuk of counsel), for
respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County
(Claudia Daniels-Depeyster, J.), rendered August 1, 2018. The judgment convicted defendant,
following a nonjury trial, of attempted criminal mischief in the fourth degree, and imposed
sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant, who was charged in a superseding information with criminal mischief in the
fourth degree (Penal Law § 145.00 [1]), moved to dismiss that accusatory instrument as
facially insufficient, contending that it improperly relied on hearsay to establish his identity as the
perpetrator. The People opposed the motion and, without conceding the challenge to the
accusatory instrument, served and filed a second superseding information charging defendant
with the same offense as the first superseding information, together with a supporting deposition,
both of which were annexed to the opposition papers. In an order dated March 28, 2018, the
Criminal Court denied defendant's motion. Prior to the commencement of a nonjury trial, a
prosecutor's information charging defendant with attempted criminal mischief in the fourth
degree (Penal Law §§ 110.00, 145.00 [1]) was served and, following the trial,
defendant was convicted of that charge, and the court imposed sentence. On appeal, defendant
contends that both superseding informations were facially insufficient as they each impermissibly
relied upon hearsay to establish his identity as the perpetrator.
Pursuant to CPL 100.50 (1), the first superseding information was, as a matter of law,
superseded by the second superseding information and dismissed. Consequently, even though
defendant had moved to dismiss the first superseding information based on hearsay, his
contentions pertaining to that accusatory instrument are academic. Pursuant to CPL 100.50 (2), a
prosecutor's information may be filed charging any offense supported, pursuant to the standards
prescribed in CPL 100.40 (1), by the allegations of the factual part of the underlying information
and/or any supporting depositions which may accompany it (see CPL 100.50 [2]; People v Dublin, 71 Misc 3d
133[A], 2021 NY Slip Op 50358[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2021]) and thereupon the underlying information, here the second superseding information, is
deemed dismissed (see CPL 100.50 [2]). While defendant does not challenge the facial
sufficiency of the prosecutor's information (see CPL 100.35, 100.40 [3]), in effect he is
claiming on appeal that it is defective because it derived from the second superseding
information, the factual allegations of which, along with the accompanying supporting deposition
thereto, were not legally sufficient to support the charge in the prosecutor's information (see
CPL 100.50 [2]; 170.35 [3] [b]), as they impermissibly relied upon hearsay. As defendant
failed to challenge, prior to trial, either the prosecutor's information on this ground or the alleged
hearsay defect in the second superseding information, this claim has been waived (see People
v Casey, 95 NY2d 354, 364 [2000]; People v Alonso, 19 Misc 3d 53 [App Term, 1st Dept 2008]; see generally People v Thomas, 4
NY3d 143, 146 [2005]). Thus, since we find that the second superseding information, along
with the accompanying supporting deposition thereto, is otherwise jurisdictionally sufficient to
support a misdemeanor prosecution (see CPL 100.40 [1]; People v Dumay, 23 NY3d 518,
522 [2014]; Casey, 95 NY2d 354), the prosecutor's information, upon which defendant
was tried, was supported by a legally sufficient underlying information (see CPL 100.50
[2]; 170.35 [3] [b]).
Accordingly, the judgment of conviction is affirmed.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2021