People v Rivas-Morales (2022 NY Slip Op 51358(U))

[*1]

People v Rivas-Morales (Victor)

2022 NY Slip Op 51358(U) [77 Misc 3d 137(A)]

Decided on December 22, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 22, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-311 N CR

The People of the State of New
York, Respondent,
against
Victor Rivas-Morales, Appellant. 

Langone & Associates, PLLC (Richard M. Langone of counsel ), for appellant.
Nassau County District Attorney (Jared A. Chester of counsel), for respondent.

Appeal from two judgments of the District Court of Nassau County, First District
(Anthony W. Paradiso, J.), rendered May 25, 2021. Each judgment convicted defendant,
upon his plea of guilty, of criminal possession of a controlled substance in the seventh
degree, and imposed sentence. Assigned counsel has submitted a brief in accordance
with Anders v California (386 US 738 [1967]), seeking leave to withdraw as
counsel.

ORDERED that the appeal is held in abeyance, the application by assigned counsel
for leave to withdraw as counsel is granted, and new counsel is assigned to prosecute the
appeal; 
Andrew E. MacAskill, Esq.
355 Post Avenue, Suite 201
Westbury, NY 11590,

Relieved counsel is directed to turn over all papers in his
possession to the newly assigned counsel. New counsel is directed to serve and file a
brief within 90 days after the date of this order and decision. The People may serve and
file a respondent's brief within 21 days after the service upon them of the appellant's
brief. Appellant's new counsel, if so advised, may serve and file a reply brief within
seven days after service of the respondent's brief.
Assigned counsel submitted an Anders brief setting forth the conclusion that
there exist no nonfrivolous issues that could be raised on appeal (see Anders v
California, 386 US 738 [1967]). A review of the record, however, reveals the
existence of a possible nonfrivolous issue, i.e., whether defendant waived his right to be
prosecuted by an information (see CPL 170.65; People v Tyrell, 22 NY3d
359 [2013]; People v Connor, 63 NY2d 11 [1984]; People v White, 51 Misc 3d
137[A], 2016 NY Slip Op 50574[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2016]).
We, therefore, hold the appeal in abeyance, grant assigned counsel's application to
withdraw as counsel, and assign new counsel, pursuant to article 18-B of the County
Law, to ascertain whether defendant desires to raise the issue set forth above, and to
prosecute the appeal on defendant's behalf with respect to this issue or any other issue
that can be identified.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2022