■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRIDELL, Appellant. — Appeals by defendant from two judgments of the County Court, Nassau County (Harrington, J.), both rendered October 2, 1981, convicting him of two counts of attempted burglary in the second degree, upon pleas of guilty, and imposing sentences. The appeals bring up for review the denial, after a hearing, of the defendant's motion to withdraw his guilty pleas. Judgments affirmed. In our view, the County Court did not abuse its discretion in denying the defendant's motion to withdraw his guilty pleas. In direct contradiction to his testimony in support of the instant motion, the defendant, a 41-year-old predicate felon whose prior felony conviction had been entered upon a guilty plea, acknowledged to the court at the change of plea that he was pleading guilty of his own free will; that he had neither been threatened nor coerced into pleading guilty; that he was not then suffering from any physical, mental or emotional illness which would impair his ability to understand the nature of the plea proceedings; that he fully understood the nature of those proceedings and the rights that he would be waiving by pleading guilty; and that he had discussed the matter fully with his respective attorneys. In addition, the defendant made a factual admission of guilt as to each of the underlying crimes, without apparent hesitation and without any accompanying protestations of innocence. Under these circumstances, the motion court was confronted solely with an issue of credibility, which it properly resolved against the defendant in denying his motion to withdraw his guilty pleas. As the Court of Appeals stated in *People v Dixon* (29 NY2d 55, 57): "A defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors including defendant's numerous prior convictions, the likelihood of eyewitness testimony confronting him at a trial and the hope of a reduced charge and sentence." Analogous considerations compel an affirmance in the case at bar. Mollen, P. J., Lazer, Thompson and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAX GOTTFRIED, Appellant. — Judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 19, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.