■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH KEPPLE, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered June 23, 1982, convicting him of burglary in the second degree (Penal Law, § 140.25, subd 2), upon his plea of guilty, and sentencing him as a prior felony offender. Judgment affirmed. The trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea without a hearing (*People v Miller,* 42 NY2d 946; *People v Tinsley,* 35 NY2d 926; *People v Fridell,* 93 AD2d 866). Defendant's narrative of the events surrounding the commission of the crime established his guilt of all of the elements of the crime to which he pleaded. Similarly without merit is defendant's contention that the indictment is jurisdictionally defective. The only defect in the indictment may have been a technical mistake as to the date on which the crime occurred. The indictment stated November 13, 1981 when, in fact, the crime was committed on November 12, 1981. This is not a jurisdictional defect vital to the sufficiency of the indictment or the guilty plea entered thereto (*People ex rel. White v McMann,* 8 AD2d 921, mot for lv to app den 7 NY2d 705; cf. CPL 200.70; *People v Francis,* 38 NY2d 150). Defendant also challenges the constitutionality of the 1981 amendment to subdivision 2 of section 140.25 of the Penal Law, which abrogated the distinction between burglaries of dwellings committed during the day and those committed at night, classifying both as class C violent felonies (L 1981, ch 361). He relies on *People v Lewis* (113 Misc 2d 1091), which found the amendment to be violative of due process of law and the Eighth Amendment prohibition against cruel and unusual punishment. We reject *Lewis* and hold the amendment to be constitutional.[*] The Legislative determination to classify all burglaries of dwellings as class C or higher violent felonies was apparently based upon its assessment that the potential for violence was the same irrespective of the time of their commission (see sponsors' memorandum, quoted in Hechtman, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law, § 140.30, pp 17-18, 1982-1983 Pocket Part). That determination is entitled to great deference (*Rummel v Estelle,* 445 US 263, 274-275, 283-285; *People v Broadie,* 37 NY2d 100, 117, cert den 423 US 950) and the *Lewis* court's observation that it "appears that little thought" was given to the amendment by the Legislature and that a newspaper reported that several legislators indicated that they did not "inten[d]" the result which "was not foreseen" (*People v Lewis, supra,* p 1092), provides no basis for ignoring the plain meaning of statutory language (see *Heimbach v State of New York,* 59 NY2d 891; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 596; *Matter of Delmar Box Co. [Aetna Ins. Co.],* 309 NY 60,

___

[*] Parenthetically, it should be noted that it is not at all clear that the defendant's motion to withdraw his plea constituted sufficient preservation of the issue (cf. *People v Drummond,* 40 NY2d 990, cert den *sub nom. New York v Luis J.,* 431 US 908).

67). Judicial review ends when, as here, it is determined that there is a rational basis for the legislative distinction (*People v Drayton,* 39 NY2d 580; *People v Elliby,* 80 AD2d 875, application for lv to app den 53 NY2d 942; *People v Caver,* 74 AD2d 852). That a mandatory sentence will be imposed is irrelevant. Mandatory sentencing schemes have long been deemed constitutional (*Rummel v Estelle, supra*), and the imposition of such a sentence in this case is in no sense violative of the Eighth Amendment (*Hutto v Davis,* 454 US 370; *Rummel v Estelle, supra; People v Jones,* 39 NY2d 694, 697; *People v Broadie, supra;* cf. *Solem v Helm,* 463 US ___, 103 S Ct 3001). "Regardless of its severity, a sentence of imprisonment which is within the limits of a valid statute ordinarily is not a cruel and unusual punishment in the constitutional sense" (*People v Jones, supra,* p 697). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.