rendered the error harmless (*People v Crimmins*, 36 NY2d 230; *People v Morris,* 63 AD2d 1008). Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BROWN, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered November 19, 1982, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's claim that his sentence is excessive lacks merit. The sentencing court was confronted, on one hand, with the defendant, a habitual criminal, and, on the other, with his codefendant, for whom the robbery appeared to be entirely out of character in view of his otherwise relatively solid background. Under the circumstances, the court was clearly justified in imposing the minimum sentence on the codefendant, while giving defendant close to the maximum sentence.

We have considered defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano, O'Connor and Lawrence, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO CASINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered September 1, 1983, convicting him of criminal sale of a controlled substance in the fourth degree, upon a plea of guilty, and imposing sentence.

Judgment affirmed.

Having failed to raise any objection to the adequacy of the plea allocution in the court of first instance, defendant has failed to preserve the issue for appellate review as a matter of law (*People v Pellegrino,* 60 NY2d 636). Furthermore, we conclude that a reversal is not warranted in the interest of justice (see *People v Harris,* 61 NY2d 9).

We have considered defendant's remaining contentions and find them to be without merit (see *People v Kepple,* 98 AD2d 783, 784; *People v Bryant,* 47 AD2d 51, 61-62; *People v Kazepis,* 101 AD2d 816). Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.