■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO GUZMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 3, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no meritorious issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf. People v Gonzalez,* 47 NY2d 606). Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN HOFFMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered March 5, 1984, convicting him of burglary in the second degree, petit larceny, criminal possession of stolen property in the third degree, and criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The sentence imposed upon the defendant as a second violent felony offender on his conviction of burglary in the second degree is the minimum permissible sentence (Penal Law § 70.04 [3] [b]) and, therefore, may not be considered excessive. Nor does the record support a finding that the imposition of this sentence is unconstitutional as applied to this defendant *(see, People v Kepple,* 98 AD2d 783; *see also, People v Broadie,* 37 NY2d 100).

Finally, the denial of the defendant's motion pursuant to CPL 440.10 to set aside his prior violent conviction is not reviewable on the appeal from the judgment in this case. Mangano, J. P., Brown, Rubin and Eiber, JJ., concur.