■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALD COX, Appellant. [713 NYS2d 708] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). Defendant failed to preserve for our review his present contention that the indictment is jurisdictionally defective because he is accused therein of crimes committed on a different date, at a different time and in a different place from those for which he was arrested. Although a jurisdictional

defect in an indictment may be raised for the first time on appeal (*see, People v Iannone,* 45 NY2d 589, 600), a mistake with respect to date, time or place is a technical defect rather than "a jurisdictional defect vital to the sufficiency of the indictment or the guilty plea entered thereto" (*People v Kepple,* 98 AD2d 783). "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (*People v Iannone, supra,* at 600). Further, because defendant's contention raises only a technical defect rather than a jurisdictional one, that contention was forfeited by defendant's plea of guilty (*see, People v Levin,* 57 NY2d 1008, 1009, *rearg denied* 58 NY2d 824; *People v Vega,* 268 AD2d 686).

The bargained-for sentence imposed by County Court is neither unduly harsh nor severe (*see, People v Parker,* 261 AD2d 926, *lv denied* 93 NY2d 1024). We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Balio, JJ.