# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1426**
**KA 11-01396**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

RONALD D. ROSSBOROUGH, DEFENDANT-APPELLANT.

---

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.

BROOKS BAKER, DISTRICT ATTORNEY, BATH (JAMES P. MILLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered February 2, 2011.  The judgment convicted defendant, upon his plea of guilty, of forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a plea of guilty of forgery in the second degree (Penal Law § 170.10 [1]), defendant contends that the superior court information (SCI) and waiver of indictment were jurisdictionally defective because they contain discrepancies in the date and location of the crime charged therein.  We reject that contention.  Although defendant is correct that a "valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Harper*, 37 NY2d 96, 99), an accusatory instrument is jurisdictionally defective "only if it does not effectively charge the defendant with the commission of a particular crime" (*People v Quamina*, 207 AD2d 1030, 1030, *lv denied* 84 NY2d 1014, quoting *People v Iannone*, 45 NY2d 589, 600).  In the case relied upon by defendant, *People v Roe* (191 AD2d 844, 845), the court determined that the SCI was jurisdictionally defective because it charged defendant with a nonexistent crime.  Here, however, the SCI effectively charged defendant with the commission of a particular crime, i.e., forgery in the second degree in violation of Penal Law § 170.10 (1).  Thus, any mistake in the SCI "with respect to date, time or place is a technical defect rather than a jurisdictional defect vital to the sufficiency of the [SCI] or the guilty plea entered thereto" (*People v Cox*, 275 AD2d 924, 925, *lv denied* 95 NY2d 962 [internal quotation marks omitted]; *see People v Dudley*, 28 AD3d 1182, 1183, *lv denied* 7 NY3d 788; *People v Kepple*, 98 AD2d 783, 783).  Because the SCI is not jurisdictionally defective, defendant's challenges to the SCI are forfeited by defendant's plea of guilty (*Cox*, 275 AD2d at 925), and in any event the valid waiver of

the right to appeal encompasses those nonjurisdictional challenges (*see People v Nichols*, 32 AD3d 1316, 1317, *lv denied* 8 NY3d 848, *reconsideration denied* 8 NY3d 988).  Contrary to the further contention of defendant, the record establishes that he freely and voluntarily waived indictment and consented to be prosecuted by way of an SCI (*see* CPL 195.10, 195.20; *People v Burney*, 93 AD3d 1334, 1334).

In addition, we reject the contention of defendant that his guilty plea was not knowing, voluntary, or intelligent.  Although his contention survives his valid waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction on that ground and thus failed to preserve that contention for our review (see *People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930; *People v Harrison*, 4 AD3d 825, 826, *lv denied* 2 NY3d 740).

Finally, we conclude that County Court did not err in sentencing defendant as a second felony offender.  Whether defendant committed the crime at issue on January 6, 2010 or January 30, 2010 is of no moment inasmuch as, under either date, only nine years elapsed between the date of sentencing upon his prior conviction, i.e., January 30, 2001, and the date of the instant offense (*see* Penal Law § 70.06 [1] [b] [iv]).  Thus, there is no basis to disturb defendant's sentence.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court