# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1477

KA 11-00991

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

JOHN D. WILLIAMS, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Orleans County Court (James P. Punch, J.), rendered February 14, 2011. Defendant was resentenced upon his conviction of driving while intoxicated, a class E felony.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: On appeal from a resentence following his conviction upon a plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), defendant contends that the ignition interlock device (IID) component of his sentence should be vacated. As defendant correctly concedes, County Court informed him prior to his plea that his sentence would include an IID component, but defendant contends that the court's failure to inform him of the length of time he would be required to maintain an IID in his vehicle rendered his plea involuntary. Defendant failed to preserve that contention for our review (*see People v Murray*, 15 NY3d 725, 726-727). In any event, even assuming, arguendo, that defendant's contention has merit, we conclude that defendant would not be entitled to the remedy he seeks, i.e., vacatur of the IID component of his sentence, because the remedy for an involuntary plea is vacatur of the plea itself (*see generally People v Catu*, 4 NY3d 242, 245). Furthermore, defendant would not in any case be entitled to vacatur of that component of his sentence inasmuch as the IID requirement is mandated by law (*see* § 1193 [1] [c] [iii]).

Finally, defendant's sentence is not unduly harsh or severe.

Entered: February 1, 2013                    Frances E. Cafarell
                                             Clerk of the Court