# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1027**

**KA 13-01496**

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD J. TRATHEN, DEFENDANT-APPELLANT.

---

PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.

DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (VINCENT A. HEMMING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered July 11, 2013. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), defendant contends that his plea was not knowing, voluntary and intelligent because County Court failed specifically to advise him that, upon his guilty plea, his driver's license would be revoked for a period of one year. Although defendant's contention survives his waiver of the right to appeal (*see People v Robinson*, 112 AD3d 1349, 1349, *lv denied* ___ NY3d ___ [July 21, 2014]; *People v Rossborough*, 101 AD3d 1775, 1776), it is not preserved for our review because defendant did not move to withdraw his plea or to vacate the judgment of conviction (*see Rossborough*, 101 AD3d at 1776; *People v Newman* [appeal No. 1], 231 AD2d 875, 875, *lv denied* 89 NY2d 944). In any event, defendant's contention is without merit. Although a court must explain the direct consequences of a guilty plea, the court "has no obligation to explain to defendants who plead guilty the possibility that collateral consequences may attach to their criminal convictions" (*People v Catu*, 4 NY3d 242, 244; *see generally People v Jones*, 118 AD3d 1360, 1361). The Court of Appeals has expressly stated that the "loss of a driver's license" is a collateral consequence of a conviction (*People v Ford*, 86 NY2d 397, 403), and we have accordingly held that a "court's failure to disclose that consequence during the plea colloquy does not warrant vacatur of the plea" (*People v Gerald*, 103 AD3d 1249, 1250). Here, the record establishes that defendant was in fact informed that, as a consequence of his guilty plea, his license would be revoked. Inasmuch as the court was not "obligat[ed] to explain . . . [even] that collateral consequence[]" (*Catu*, 4 NY3d

at 244), we reject defendant's contention that the court was obligated to advise him that the revocation period would be exactly one year. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  October 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court