OPINION OF THE COURT
Stephen D. Aronson, J.
In a case of first impression, it is held that where a defendant is sentenced to a conditional discharge and is ordered, both orally and in writing, to comply with ignition interlock device (IID) requirements, and the monitor notifies the court of an IID violation, the sentencing court retains jurisdiction to deal with the IID violation regardless of whether the oral and written conditional discharge orders spell out the prohibited conduct.
On July 13, 2016, the defendant pleaded guilty and was sentenced to a misdemeanor of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). At sentencing, the court stated, in pertinent part: “there is a one-year conditional discharge; the conditions being that you comply with ignition interlock device requirements for a period of 12 months and have a device on your vehicle for a consecutive period of 6 months.” There were also written orders of conditional discharge issued on a form generated by the Unified Court System (UCS-965B) requiring that the defendant install and maintain an ignition interlock device. On August 17, 2016, the county’s IID monitor notified the court: “On 08/04/16 at 11:21 a.m., the defendant attempted to start and operate his vehicle while testing positive for alcohol (.132%). The defendant then failed to submit to a ‘Start Retest’ and as a result, his vehicle entered a lockout mode.” On September 13, 2016, the court signed a declaration of delinquency, charging the defendant with violation of a condition of his sentence “in that on or about August 4, 2016, at 11:21 a.m., the defendant attempted to start and operate his vehicle while testing positive for alcohol (.132% BAC). The defendant then failed to submit to a ‘Start Retest’ and as a result, his vehicle entered a lockout mode.”
On September 26, 2016, defendant’s counsel filed a motion to dismiss the declaration of delinquency with prejudice on the grounds, among others, that the orders and conditions of conditional discharge signed by the court and by the defendant on July 13, 2016 do not include language prohibiting the ac *379 tions taken by the defendant on August 4, 2016. The defendant contends there is no language making an attempt to start the vehicle while testing positive for alcohol a violation of the orders and conditions, and there is no language making failure to submit to a “start retest,” causing the vehicle to enter lockout mode, a violation of the orders and conditions. The Assistant District Attorney acknowledges there is no language in the orders and conditions describing the proscribed conduct. The defendant cites no legal authority in support of his position other than that the official orders and conditions form issued to all courts by the New York State Office of Court Administration (UCS-965B) is defective in that it fails to include prohibitions on the behavior at issue in this case even though these behaviors are statutorily prohibited.
Analysis
The legislature has mandated that “[i]n addition to the imposition of any fine or period of imprisonment . . . , the court shall also sentence such person convicted of [driving while intoxicated] to a period of probation or conditional discharge,” with a condition requiring an ignition interlock device in any vehicle owned or operated by that person (Vehicle and Traffic Law § 1193 [1] [c] [iii]; Penal Law § 60.21). An ignition interlock device is defined as “any blood alcohol concentration equivalence measuring device which connects to a motor vehicle ignition system and prevents a motor vehicle from being started without first determining through a deep lung breath sample that the operator’s equivalent blood alcohol level does not exceed the calibrated setting on the device” (9 NYCRR 358.3 [k]).
In cases of conditional discharge, the IID program is monitored by a person or entity designated in the county’s ignition interlock program plan (9 NYCRR 358.3 [n]). In Ontario County, New York, the monitor so designated is the STOP-DWI Coordinator.
Where a person is required to install an IID, the monitor is required to notify the court and the District Attorney upon learning of the following events:
“(i) that the operator has failed to have installed the ignition interlock device on his/her own vehicle(s) or vehicle(s) which he/she operates;
“(ii) that the operator has not complied with service visits requirements;
*380 “(iii) a report of alleged tampering with or circumventing an ignition interlock device or an attempt thereof;
“(iv) a report of a failed start-up re-test;
“(v) a report of a missed start-up re-test;
“(vi) a report of a failed rolling re-test;
“(vii) a report of a missed rolling re-test; and/or
“(viii) a report of a lockout mode” (9 NYCRR 358.7 [d] [1] [i]-[viii]).
The monitor may recommend modification of the defendant’s sentence, including extension of the interlock period, requiring attendance at alcohol abuse treatment and/or the drinking driver program, referral to DMV to determine license suspension/revocation or recommending sentence revocation (9 NYCRR 358.7 [d] [2]).
So, the issue becomes whether each and every possible IID violation must be set forth either orally or in written orders of the conditional discharge. Here, the defendant was sentenced to a conditional discharge. He signed written orders and conditions of conditional discharge which required the defendant to “install and maintain an IID in any motor vehicle owned, operated or rented by the defendant” (see orders and conditions of probation or conditional discharge relating to ignition interlock device para 1). Here, the defendant was also orally instructed at sentencing to comply with ignition interlock device requirements. Clearly, the defendant was made aware of the requirement that he would be subject to an ignition interlock condition.
In my view, the court is not required to inform the defendant at sentencing of every specific behavior that will result in an IID violation.
The specification of conditions of the sentence is governed by statute. Criminal Procedure Law § 410.10 (1) provides:
“When the court pronounces a sentence of probation or of conditional discharge it must specify as part of the sentence the conditions to be complied with. Where the sentence is one of probation, the defendant must be given a written copy of the conditions at the time sentence is imposed. In any case where the defendant is given a written copy of the conditions, a copy thereof must be filed with and become part of the record of the case, and it is not necessary to specify the conditions orally.”
*381 This situation is likened to the line of cases where the loss of a person’s driver’s license following a conviction for driving while intoxicated is a collateral consequence of the conviction (see e.g. People v Trathen, 121 AD3d 1594 [4th Dept 2014]). Moreover, the defendant here, in effect, seeks a vacatur of the IID requirements imposed at sentencing; however, the defendant would not in any case be entitled to vacatur of that component of his sentence inasmuch as the IID requirement is mandated by law (see Vehicle and Traffic Law § 1193 [1] [c] [iii]; People v Williams, 103 AD3d 1180, 1181 [4th Dept 2013], lv denied 21 NY3d 947 [2013]).
The written orders and conditions do not include a specific prohibition of the behavior at issue; but the defendant was verbally ordered at sentencing to comply with IID requirements for a period of one year. According to the monitor, the defendant committed a reportable IID violation. Although specification of terms of probation may be required, there is no necessity of a written elaboration of each instance of prohibited conduct in the orders of conditional discharge (CPL 410.10 [1]). Therefore, on the facts of this case, the court retains jurisdiction to adjudicate any IID violation found at 9 NYCRR 358.7, where the orders of conditional discharge (verbal or written) require the defendant to comply with the IID requirements for a period of 12 months.
Accordingly, the defendant’s motion to dismiss the declaration of delinquency dated September 13, 2016 is hereby denied.