People v Hoyt (2020 NY Slip Op 00949)





People v Hoyt


2020 NY Slip Op 00949


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


168 KA 15-01446

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY S. HOYT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John E. Elliott, A.J.), rendered July 10, 2015. The judgment convicted defendant upon his plea of guilty of criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the second degree (Penal Law
§ 215.50 [3]), defendant contends that the judgment must be reversed because City Court (Castro, J.) failed to comply strictly with the requirements of CPL 180.50 (3) (a) (iii), and thus the felony complaint was not validly converted to a misdemeanor complaint upon which he could plead guilty. We affirm.
Defendant, by his guilty plea, "forfeited any claim that [the court] failed to [follow the procedural steps] required by CPL 180.50" (People v Hunter, 5 NY3d 750, 751 [2005]). In reaching that conclusion, we reject defendant's contention that the court's failure to follow the dictates of that statute is a jurisdictional defect that we must consider notwithstanding his plea and waiver of the right to appeal (see generally People v Iannone, 45 NY2d 589, 600 [1978]). We conclude that the complaint is not jurisdictionally defective inasmuch as it passes the test for facial sufficiency, which is simply whether the accusatory instrument supplied defendant with "sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Dreyden, 15 NY3d 100, 103 [2010]; see People v Aragon, 28 NY3d 125, 128 [2016]; cf. generally People v Alejandro, 70 NY2d 133, 135-136 [1987]). Here, any error in the amended complaint with respect to the title of the accusatory instrument or the full name of the charge "is a technical defect rather than a jurisdictional defect vital to the sufficiency of the [misdemeanor complaint] or the guilty plea entered thereto" (People v Cox, 275 AD2d 924, 925 [4th Dept 2000], lv denied 95 NY2d 962 [2000] [internal quotation marks omitted]). Because the misdemeanor complaint is not jurisdictionally defective, defendant's challenges to it "are forfeited by defendant's plea of guilty . . . , and in any event the valid waiver of the right to appeal encompasses those nonjurisdictional challenges" (People v Rossborough, 101 AD3d 1775, 1775-1776 [4th Dept 2012]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court