People v Smith (2021 NY Slip Op 50225(U))

[*1]

People v Smith (Marie)

2021 NY Slip Op 50225(U) [71 Misc 3d 127(A)]

Decided on March 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-655 N CR

The People of the State of New York,
Respondent, 
against
Marie L. Smith, Appellant. 

Feldman and Feldman (Steven A. Feldman and Arza Feldman of counsel), for appellant.
Nassau County District Attorney (Andrea M. DiGregorio and Michael K. Degree of counsel), for
respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Erica L.
Prager, J.), rendered February 5, 2019. The judgment convicted defendant, upon her plea of
guilty, of criminal possession of a forged instrument in the third degree, and imposed
sentence.

ORDERED that the judgment of conviction is modified, on the law, by vacating the sentence
imposed and remitting the matter to the District Court for resentencing.
Defendant was charged in a felony complaint with three counts of grand larceny in the third
degree (Penal Law § 155.35), a class D felony, scheme to defraud in the first degree (Penal
Law § 190.65), a class E felony, three counts of immigrant assistance services fraud in the
first degree (Penal Law § 190.89), a class E felony, and criminal possession of a forged
instrument in the third degree (Penal Law § 170.20), a class A misdemeanor. Upon the
application of the prosecutor, in contemplation of defendant pleading guilty to criminal
possession of a forged instrument in the third degree, and with the consent of defense counsel,
the District Court, both orally and through the use of short form order for CPL 180.50 reduction,
reduced the three counts of grand larceny in the third degree to three counts of petit larceny
(Penal Law § 155.25), the count of scheme to defraud in the first degree to scheme to
defraud in the second degree (Penal Law § 190.60), and the three counts of immigrant
assistance services fraud in the first degree to three counts of immigrant assistance services fraud
in the second degree (Penal Law § 190.87), all class A misdemeanors, and converted the
felony complaint into a misdemeanor complaint.
Pursuant to a negotiated agreement, defendant pleaded guilty to criminal possession of a
[*2]forged instrument in the third degree in satisfaction of the
accusatory instrument, and the remaining counts were dismissed by the court. Defendant was
sentenced in the same proceeding to one year in jail, the term of which had been satisfied as of
the date the sentence was imposed. The court also issued, and served upon defendant, a civil
judgment ordering defendant to pay restitution in the amount of $56,500. Additionally, the
District Court granted defendant's request to convert the mandatory surcharge to a civil judgment.

On appeal, defendant contends that the District Court improperly reduced the felony charges
to misdemeanors, that it failed to pronounce the restitution portion of the sentence, and that,
pursuant to People v Jones (26
NY3d 730, 733 [2016]), it erred in directing payment of the mandatory surcharges by civil
judgment without placing its reasons on the record or issuing a written order therefor.
CPL 180.50 provides a mechanism for reducing felony charges contained in a felony
complaint to offenses other than felonies upon an inquiry by the court as to whether the factual
allegations of the felony complaint were legally sufficient to support those non-felony offenses,
which decision then governs what mechanism is available to the People to proceed with the
reduction (see People v Yolles, 92 NY2d 960, 961 [1998]; People v Kane, 57 Misc 3d 35
[App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Minor, 144 Misc 2d 846
[App Term, 2d Dept, 2d & 11th Jud Dists 1989]). One such manner of accomplishing the
reduction is by converting the felony complaint into a misdemeanor complaint through notations
made upon the face of the accusatory instrument which make the necessary and appropriate
changes in the title of the instrument and in the names of the offense or offenses charged (see
CPL 180.50 [3] [b]). Whereas a guilty plea forfeits any claim that the pleading court failed to
conduct the inquiry required by CPL 180.50 (see People v Hunter, 5 NY3d 750 [2005]), a plea of guilty does not
constitute a waiver of the requirement that a felony complaint be reduced and converted in
accordance with the provisions of CPL 180.50 (3), and the failure to do so constitutes a
nonwaivable jurisdictional defect (see
People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50267[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2020]; People
v Brown, 66 Misc 3d 140[A], 2020 NY Slip Op 50143[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2020]; People v
Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2008]). Here, the record demonstrates that the District Court properly
reduced all of the felony counts charged in the accusatory instrument to misdemeanors and
converted the felony complaint into a misdemeanor complaint through the use of a short form
order for CPL 180.50 reduction and the use of appropriate notations made to the face of the
accusatory instrument (see CPL 180.50 [3] [b]), thereby satisfying its statutorily required
duties under CPL 180.50 (see Kane, 57 Misc 3d 35; Minor, 144 Misc 2d
846).
Nonetheless, the record demonstrates that, at sentencing, the District Court failed to
pronounce that restitution was part of the sentence, in violation of its obligation under CPL
380.20 (see People v Guadalupe,
129 AD3d 989 [2015]; see also
People v Cleveland, 177 AD3d 1382 [2019]), and, thus, the sentence imposed must be
vacated and the matter remitted for resentencing thereon (see People v Sturgis, 69 NY2d
816 [1987]; Guadalupe, 129 AD3d 989).
With regard to defendant's claim pertaining to the mandatory surcharges, we note that,
pursuant to Penal Law § 60.35 (1) (a), statutorily mandated surcharges are not part of a
defendant's sentence, but rather are assessed in addition to the sentence (see People v
Guerrero, [*3]12 NY3d 45 [2009]; People v Paris, 60 Misc 3d
139[A], 2018 NY Slip Op 51196[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
In any event, by expressly asking the District Court to convert the mandatory surcharges into a
civil judgment, defendant waived her claim, now raised on appeal, pertaining to the mandatory
surcharges (see People v Himonitis,
174 AD3d 738 [2019]; People v
Tietje, 171 AD3d 1221 [2019]; People v Rodriguez, 162 AD3d 513 [2018]; People v Fisher, 66 Misc 3d
140[A], 2020 NY Slip Op 50142[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2020]).
Accordingly, the judgment of conviction is modified by vacating the sentence imposed and
remitting the matter to the District Court for resentencing.
RUDERMAN, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 18, 2021