People v Chang Cong (2022 NY Slip Op 22118)

People v Chang Cong

2022 NY Slip Op 22118 [75 Misc 3d 25]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 15, 2022

[*1]

The People of the State of New York, Respondent,
v
Chang Cong, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, April 8, 2022

APPEARANCES OF COUNSEL

Feldman & Feldman (Steven A. Feldman and Arza Feldman of counsel) for appellant.
Melinda Katz, District Attorney (Johnnette Traill, Ellen C. Abbot and Jessica Coalter of counsel), for respondent.

{**75 Misc 3d at 26} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
Defendant was initially charged in a felony complaint with a single count of promoting prostitution in the third degree (Penal Law § 230.25 [1]), a class D felony. In the course of the proceedings, the People moved, without objection by defendant, to reduce the felony charge to promoting prostitution in the fourth degree (Penal Law § 230.20 [1]), a class A misdemeanor. Subsequently, pursuant to a plea agreement between the parties, defendant pleaded guilty to attempted promoting prostitution in the fourth degree (Penal Law §§ 110.00, 230.20 [1]), and was sentenced.
Defendant appeals from the judgment of conviction. Upon finding that prior counsel's Anders brief (see Anders v California, 386 US 738 [1967]) was inadequate, this court held the appeal in abeyance and new counsel was assigned to prosecute the appeal (67 Misc 3d 128[A], 2020 NY Slip Op 50400[U] [2020]). New counsel has submitted a brief arguing a single{**75 Misc 3d at 27} contention—that the written notations made by the court on the accusatory instrument memorializing the reduction from a felony to a misdemeanor charge were imprecise, rendering [*2]the reduction, and defendant's subsequent misdemeanor plea, invalid (see CPL 180.50 [3] [a] [iii]).
At the outset we note that CPL 180.50 "provides a mechanism for reducing charges in a felony complaint to offenses other than felonies" (People v Yolles, 92 NY2d 960, 961 [1998]). That section requires the court to conduct an inquiry as to whether the "facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with an offense other than a felony, and . . . if so, whether the charge should . . . be reduced from one for a felony to one for a non-felony offense" (CPL 180.50 [1] [a]-[b]). "If after such inquiry the court is satisfied that there is reasonable cause to believe that the defendant committed an offense other than a felony" (CPL 180.50 [2]), the court may, insofar as relevant to this appeal, "[c]onvert the felony complaint . . . into an information by notations . . . which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged" (CPL 180.50 [3] [a] [iii]). In the same manner, the court may instead convert a felony complaint into a misdemeanor complaint (see CPL 180.50 [3] [b]).
In the case of People v Hunter (5 NY3d 750, 751 [2005]), the Court of Appeals stated the following: "Defendant, by his guilty plea, forfeited any claim that Criminal Court failed to conduct the inquiry required by CPL 180.50." Following Hunter, the Appellate Term for the Ninth and Tenth Judicial Districts was presented with several cases wherein the respective defendants, who had pleaded guilty, raised an issue that was undecided in Hunter, to wit, whether a guilty plea also forfeited or waived a challenge to the notation requirements of CPL 180.50 (3) (a) (iii). In those cases, that court did not treat the notation issue as having been forfeited or waived (see People v Smith, 71 Misc 3d 127[A], 2021 NY Slip Op 50225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50267[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Stinson, 22 Misc 3d 136[A], 2008 NY Slip Op 52662[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; 
see generally People v Sterling, 73 Misc 3d{**75 Misc 3d at 28} 134[A], 2021 NY Slip Op 51024[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Brown, 66 Misc 3d 140[A], 2020 NY Slip Op 50143[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Chernek, 56 Misc 3d 85 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; but see People v Williams, 25 Misc 3d 15 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]).
On the other hand, in People v Stovall (61 Misc 3d 127[A], 2018 NY Slip Op 51338[U], *1 [App Term, 1st Dept 2018]), the defendant, who pleaded guilty, challenged on appeal the sufficiency of the notations made to the felony complaint and the Appellate Term, First Department, stated:
"Defendant, by her guilty plea, forfeited any claim that the court did not properly convert the felony complaint into a misdemeanor complaint pursuant to CPL 180.50(3)(a)(iii) (see People v Hunter, 5 NY3d 750, 751 [2005]; People v Rojas, 2 Misc 3d 130[A], 2004 NY Slip Op 50101[U] [App Term, 1st Dept 2004]), and such claim is, in any event, both [*3]unpreserved and without merit. Even were we to accept this claim, the proper remedy would be to remand for further proceedings on the felony complaint (see People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 9th and 10th Jud Dists 2008]), and defendant specifically declines such relief."
Thus, that court explicitly extended the holding in Hunter, that a guilty plea results in the forfeiture of any claim regarding the inquiry (see CPL 180.50 [1]), to a challenge to the sufficiency of the notations, if any, made to the felony complaint (see CPL 180.50 [3] [a] [iii]).
In reaching our decision on this issue, we are not unmindful of the well-established rule that " '[a] guilty plea generally results in a forfeiture of the right to appellate review of any nonjurisdictional defects in the proceedings' " (People v Konieczny, 2 NY3d 569, 572 [2004], quoting People v Fernandez, 67 NY2d 686, 688 [1986]; see People v Parilla, 8 NY3d 654, 659 [2007] ["Although a guilty plea does not extinguish every claim on appeal, only a limited number of claims survive a valid waiver. These (include) jurisdictional matters"]; People v Taylor, 65 NY2d 1, 5 [1985] ["A guilty plea does not forfeit the right to raise a jurisdictional defect"]). For the reasons discussed below, we are of the opinion that a defendant does not, by pleading guilty in a local criminal court, forfeit or waive his or her right to challenge the sufficiency of the notations, if{**75 Misc 3d at 29} any, made on a felony complaint which the local criminal court has treated as being effective in reducing the felony complaint to an information or misdemeanor complaint. This is because the sufficiency of the notations implicates the jurisdiction of that court to take the plea.
If there are no notations on the felony complaint, or if the notations, within the four corners of the instrument (see People v Hardy, 35 NY3d 466, 475 [2020] ["in evaluating the sufficiency of an accusatory instrument we do not look beyond its four corners"]), do not substantially comply with the requirements of CPL 180.50 (3) (a) (iii), the charges are not reduced and the accusatory instrument remains a felony complaint. A "superior court" (CPL 10.10 [2] [the supreme court or county court]), having "trial jurisdiction" (see CPL 1.20 [24] ["A criminal court has 'trial jurisdiction' of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument"]) over felonies and misdemeanors (CPL 10.20 [1] [a], [b]), has authority to accept a plea to a felony complaint and may take a plea to a misdemeanor in satisfaction thereof. On the other hand, a "local criminal court" (CPL 10.10 [3]), such as here the Criminal Court of the City of New York (see CPL 10.10 [3] [b]), which has both "preliminary jurisdiction" and "trial jurisdiction" over misdemeanor offenses (see CPL 10.30 [1], [2]), has only "preliminary jurisdiction" (CPL 1.20 [25]), not "trial jurisdiction," over felony offenses (see CPL 10.30 [1], [2]). Since the acceptance of a guilty plea comes under the purview of "trial jurisdiction" (see People v Correa, 15 NY3d 213, 229 [2010]), a local criminal court lacks the subject matter jurisdiction to entertain a guilty plea to a felony complaint, even if such guilty plea is to a misdemeanor offense in satisfaction of the felony complaint. Indeed, the entire procedure for reducing a felony complaint to a misdemeanor accusatory instrument (see CPL 180.50) was enacted by the legislature so as to give a local criminal court, such as the Criminal Court, trial jurisdiction over the charges and thus the ability [*4]to accept a guilty plea thereto or otherwise dispose of them.
It is in the light of the foregoing that we read the Appellate Division, Fourth Department, case of People v Hoyt (180 AD3d 1345 [2020]). In that case, a City Court, a local criminal court (see CPL 10.10 [3] [c]), purported to convert a felony complaint to a misdemeanor complaint by means of notations thereon.{**75 Misc 3d at 30} Subsequently, a judgment was entered in the Monroe County Court, a superior court (see CPL 10.10 [2] [b]), upon defendant's guilty plea to a charge of criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor. The Hoyt Court stated the following (180 AD3d at 1346):
"[D]efendant contends that the judgment must be reversed because [the] City Court (Castro, J.) failed to comply strictly with the requirements of CPL 180.50 (3) (a) (iii), and thus the felony complaint was not validly converted to a misdemeanor complaint upon which he could plead guilty. We affirm.
"Defendant, by his guilty plea, 'forfeited any claim that [the court] failed to [follow the procedural steps] required by CPL 180.50' (People v Hunter, 5 NY3d 750, 751 [2005]). In reaching that conclusion, we reject defendant's contention that the court's failure to follow the dictates of that statute is a jurisdictional defect that we must consider notwithstanding his plea and waiver of the right to appeal (see generally People v Iannone, 45 NY2d 589, 600 [1978]). We conclude that the complaint is not jurisdictionally defective inasmuch as it passes the test for facial sufficiency, which is simply whether the accusatory instrument supplied defendant with 'sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy' (People v Dreyden, 15 NY3d 100, 103 [2010]; see People v Aragon, 28 NY3d 125, 128 [2016]; cf. generally People v Alejandro, 70 NY2d 133, 135-136 [1987]). Here, any error in the amended complaint with respect to the title of the accusatory instrument or the full name of the charge 'is a technical defect rather than a jurisdictional defect vital to the sufficiency of the [misdemeanor complaint] or the guilty plea entered thereto' (People v Cox, 275 AD2d 924, 925 [4th Dept 2000], lv denied 95 NY2d 962 [2000] [internal quotation marks omitted]). Because the misdemeanor complaint is not jurisdictionally defective, defendant's challenges to it 'are forfeited by defendant's plea of guilty . . . , and in any event the valid waiver of the right to appeal encompasses those nonjurisdictional challenges' (People v Rossborough, 101 AD3d 1775, 1775-1776 [4th Dept 2012])" (emphasis added).
{**75 Misc 3d at 31}Because the guilty plea in Hoyt was entered in a superior court, Hoyt could properly hold that any defect in the notations would not be a jurisdictional one with respect to the entry of a guilty plea thereto and, thus, the defendant's challenge to those notations was forfeited. In the case at bar, however, since the guilty plea was entered in the Criminal Court of the City of New York, a local criminal court, an insufficient reduction would implicate the court's subject matter jurisdiction to accept that plea (see Stinson, 2008 NY Slip Op 52662[U], *1 ["the court below was not authorized to accept defendant's plea to . . . a misdemeanor, which was charged in the felony complaint"]). In view of the foregoing, we hold that the guilty plea here to a purported [*5]reduced felony complaint did not result in a forfeiture of defendant's challenge to the sufficiency of the notations on the accusatory instrument. Consequently, we must determine whether the accusatory instrument was properly reduced, thereby conferring upon the local criminal court the subject matter jurisdiction to accept a guilty plea thereto.
Upon our review of the accusatory instrument, we are satisfied that, contrary to defendant's contention, the notations placed upon the accusatory instrument to document the felony reduction clearly conformed to the requirements of CPL 180.50 (3) (a) (iii) and were neither cryptic nor ambiguous.
Accordingly, the judgment of conviction is affirmed.

Weston, J. (concurring in the following memorandum). While I agree with my colleagues that defendant's judgment of conviction should be affirmed, I conclude, as a threshold matter, that defendant forfeited his challenge to the court's reduction of the felony charge by pleading guilty. On this ground, alone, I vote to affirm.
CPL 180.50 outlines the procedure for converting a felony complaint to a misdemeanor. As relevant here, it provides that a court "may," on the People's consent, conduct an inquiry to determine whether the "available facts and evidence relating to the conduct underlying the felony complaint provide a basis for charging the defendant with [a misdemeanor]" (CPL 180.50 [1] [a]). The statute further provides that if the factual allegations of a felony complaint are legally sufficient to support a misdemeanor charge, "the court may . . . [c]onvert the felony complaint, or a copy thereof, into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the{**75 Misc 3d at 32} names of the offense or offenses charged" (CPL 180.50 [3] [a] [iii]). While defendant acknowledges that a court's failure to conduct a proper inquiry under CPL 180.50 (1) is a waivable defect, he maintains that the failure to make proper notations under CPL 180.50 (3) (a) (iii) is not. I disagree.
In People v Hunter (5 NY3d 750 [2005]), the Court of Appeals held that a defendant, by pleading guilty, "forfeit[s] any claim that Criminal Court failed to conduct the inquiry required by CPL 180.50" (id. at 751-752). Since then, courts from both the First and Fourth Departments have relied on Hunter to conclude that a defendant's guilty plea similarly forfeits the right to challenge the reduction of a felony complaint for failure to follow the notation requirements of CPL 180.50 (3) (a) (iii) (see People v Hoyt, 180 AD3d 1345 [2020]; People v Stovall, 61 Misc 3d 127[A], 2018 NY Slip Op 51338[U] [App Term, 1st Dept 2018]). The rationale is that "any error in the amended complaint with respect to the title of the accusatory instrument or the full name of the charge 'is a technical defect rather than a jurisdictional defect vital to the sufficiency of the [misdemeanor complaint] or the guilty plea entered thereto' " (Hoyt, 180 AD3d at 1346, quoting People v Cox, 275 AD2d 924, 925 [2000]).
[*6]
While this court has not expressly ruled on the issue, the Appellate Term for the Ninth and Tenth Judicial Districts has drawn a distinction between errors under CPL 180.50 (1) (failure to make an inquiry), which that court concluded are waivable, and errors under CPL 180.50 (3) (a) (iii) (failure to make proper notations), which the court concluded are not (see People v Smith, 71 Misc 3d 127[A], 2021 NY Slip Op 50225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Rafferty, 62 Misc 3d 127[A], 2018 NY Slip Op 51854[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). According to that court, the failure to conduct a proper inquiry under CPL 180.50 (1) is not a "mode of proceedings" error requiring reversal and, thus, a defendant forfeits any such claim by pleading guilty (People v Williams, 25 Misc 3d 15, 17 [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; see also People v Smith, 52 Misc 3d 142[A], 2016 NY Slip Op 51203[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Ackridge, 16 Misc 3d 127[A], 2006 NY Slip Op 52596[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; People v Johnson, 10 Misc 3d 136[A], 2005 NY Slip Op 52136[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). In contrast, a court's failure to make the appropriate{**75 Misc 3d at 33} notations necessary to reduce a felony charge to a misdemeanor pursuant to CPL 180.50 (3) is a jurisdictional defect, which cannot be waived by guilty plea (see Smith, 2021 NY Slip Op 50225[U]; People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50267[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Brown, 66 Misc 3d 140[A], 2020 NY Slip Op 50143[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; cf. People v Jones, 151 Misc 2d 582 [App Term, 2d Dept, 2d & 11th Jud Dists 1991]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]).
I find no basis for this distinction. I cannot see how a court's failure to conduct a proper inquiry under CPL 180.50 (1) is a nonjurisdictional defect that is forfeited by a guilty plea, while the failure to make proper notations under CPL 180.50 (3) (a) (iii) is a jurisdictional defect that survives a guilty plea. Both sections are not written in mandatory terms and courts from both the First and Fourth Departments have held that such errors are not jurisdictional, but rather are "technical defect[s]" forfeited by a guilty plea (Hoyt, 180 AD3d at 1346; see also Stovall, 2018 NY Slip Op 51338[U]). These holdings are consistent with the Court of Appeals' decision in Hunter.
Nevertheless, the Appellate Term for the Ninth and Tenth Judicial Districts has developed a body of case law based upon a narrow reading of Hunter and in a mistaken attempt to reconcile prior Appellate Term cases with Hunter. Prior to Hunter, this court determined that, in the context of a CPL 30.30 motion to dismiss, the attempted reduction of a felony complaint that does not comply with CPL 180.50 (3) (a) (iii) is invalid, despite a defendant's acquiescence to the reduction (see People v Jones, 151 Misc 2d at 583-584; People v Minor, 144 Misc 2d at 848). Nothing in these cases states that the failure to make proper notations on a felony complaint is a nonwaivable, jurisdictional error requiring reversal. Instead, the issue of whether the felony complaint had been properly converted to a misdemeanor was raised in a CPL 30.30 motion to dismiss and was crucial in determining the applicable speedy trial period (id.). While the Appellate Term for the Ninth and Tenth Judicial Districts has cited to these cases in support [*7]of its holdings that a guilty plea does not waive the requirement that a felony complaint be reduced in accordance with CPL 180.50 (3) (a) (iii), I decline to follow these holdings (see Rafferty, 2018{**75 Misc 3d at 34} NY Slip Op 51854[U]; Spooner, 2008 NY Slip Op 52664[U]). Here, there was no motion to dismiss below, nor was there any other challenge to the validity of the reduction. To the contrary, defendant acquiesced to the reduction, was informed of the correct reduction on the record, and pleaded guilty to the reduced offense freely, voluntarily, and knowingly. The fact that the handwritten notations on the complaint did not clearly identify the reduced offense is, in my opinion, nothing more than a technical error. Accordingly, I vote to affirm on the ground that the error was forfeited by defendant's guilty plea.
Aliotta, P.J., and Toussaint, J., concur; Weston, J., concurs in a separate memorandum.