People v Sloane (2023 NY Slip Op 50678(U))

[*1]

People v Sloane (Derek)

2023 NY Slip Op 50678(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ

2021-286 W CR

The People of the State of New York, Respondent,
against
Derek Sloane, Appellant. 

Richard L. Herzfeld, for appellant.
Westchester County District Attorney (Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the City Court of Mount Vernon, Westchester County (Lyndon D. Williams, J.), rendered March 10, 2021. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fifth degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated, all three accusatory instruments encompassed by the plea agreement are reinstated, and the matter is remitted to the City Court for all further proceedings.
Defendant was charged in a felony complaint with criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [5]), a class E felony. At plea negotiations, the City Court stated that the felony charge was reduced to criminal possession of stolen property in the fifth degree (Penal Law § 165.40), a class A misdemeanor. Defendant pleaded guilty to the misdemeanor in satisfaction of the instant accusatory instrument and two additional accusatory instruments by which he was charged with aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2]), an unclassified misdemeanor, and criminal possession of stolen property in the third degree (Penal Law § 165.50), a class D felony, respectively. Defendant asserts on appeal that his plea was not knowing, voluntary or intelligent.
Although the charge of criminal possession of stolen property in the fourth degree was purportedly reduced to criminal possession of stolen property in the fifth degree, a review of the [*2]felony complaint reveals that it was not converted "into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged" (CPL 180.50 [3] [a] [iii]). A court's failure to make the appropriate notations necessary to reduce a felony charge to a misdemeanor pursuant to CPL 180.50 (3) is a jurisdictional defect, which cannot be waived by a guilty plea (see People v Smith, 71 Misc 3d 127[A], 2021 NY Slip Op 50225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2021]; People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50267[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Brown, 66 Misc 3d 140[A], 2020 NY Slip Op 50143[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Consequently, the felony complaint was not properly reduced, converted, or dismissed (see Taylor, 2020 NY Slip Op 50267[U]). The City Court, as a "local criminal court" (CPL 10.10 [3] [c]), has only "preliminary jurisdiction" (CPL 1.20 [25]), not "trial jurisdiction" (CPL 1.20 [24]), over felony offenses (see CPL 10.30 [1], [2]). As the acceptance of a guilty plea comes under the purview of "trial jurisdiction" (see People v Correa, 15 NY3d 213, 229 [2010]), the City Court lacked subject matter jurisdiction to entertain defendant's guilty plea to a felony complaint, even though such guilty plea was to a misdemeanor offense in satisfaction of the felony complaint (see People v Chang Cong, 75 Misc 3d 25, 31 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
In light of the foregoing, defendant's contention that his plea was not knowing, voluntary or intelligent need not be addressed.
Accordingly, the judgment of conviction is reversed, the guilty plea is vacated, all three accusatory instruments encompassed by the plea agreement are reinstated, and the matter is remitted to the City Court for all further proceedings.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023